**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK J. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.:** |
| **RENTAL MAX, LLC.,** ) | |
| ) | **JURY DEMANDED** |
| **Defendant.** ) | |
| ) | |

**COMPLAINT**

Plaintiff, **FREDERICK J. BROWN** ("Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, P.C., and in complaining of the defendant, **RENTAL MAX, LLC.** ("Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq*. ("ADEA"), for Defendant discriminating against him on the basis of his age and for retaliating against him for complaints about the same.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**PARTIES**

4. Plaintiff is an adult, male individual and a resident of Downers Grove, Illinois.

5. At all times relevant to the allegations herein, Plaintiff was 40 years of age or older.

6. Defendant is and was at all times relevant to the allegation herein, a foreign limited liability company organized under the laws of the State of Wisconsin doing business in Illinois and other surrounding states.

7. At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Roselle, Illinois location.

8. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the ADEA.

9. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the ADEA.

10. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B"). Plaintiff timely filed this Complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

## FACTUAL ALLEGATIONS

11. Plaintiff began his employment with Defendant in or around April 2011. Plaintiff's last position with Defendant was customer service representative.

12. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of Defendant.

13. In or around Fall of 2020, all Rental Max employees were required to watch a video that showed various forms of workplace harassment which included verbal abuse. Rental

2

Max President John Jeanguenat gave the introduction and stated that Rental Max takes workplace harassment very seriously.

14.     On or around September 23, and again on September 24, 2020, Jim Jenkins ("Jenkins"), one of Plaintiff's coworkers at Defendant's Roselle store who is significantly younger than Plaintiff and had the same supervisor as Plaintiff, harassed Plaintiff by yelling at him, mocking him, and telling him that he was a "fucking joke" and that the work he did was a "fucking joke."  Plaintiff immediately reported the incident to his assistant manager, Chuck Whitt.

17.     On or around September 28, 2020, Plaintiff contacted Matt Shinofield, the senior manager for Defendant, and reported the Jenkins' harassment. Plaintiff requested that Shinofield transfer him to Defendant's Carol Stream store, where Shinofield worked.  Plaintiff also asked Shinofield to keep their discussion confidential, with the exception of talking to Doug Gottfried, the general manager, who would have to approve the transfer. Shinofield said he would get back to Plaintiff, but he never did.

18.     Between September and December 2020, Plaintiff was continually harassed by Jenkins with derogatory, demeaning and explicit verbal attacks against him.

19.     Between December 9and 14, 2020, Plaintiff sent multiple requests to Gottfried and Shinofield inquiring about his request to be transferred to the Carol Stream location with no response.

20.     On or around December 28, 2020, Plaintiff attempted to have a conversation with Jenkins to try to resolve the issues they were having, to which Jenkins responded by walking away into his office and slamming his door.

21. On or around December 29, 2020, Plaintiff asked Assistant Manager Chuck Whitt ("Whitt") to call Jenkins to the office with the intention of putting an end to the conflict, with Witt acting as a mediator. Jenkins never came to the office for the discussion.

22. On or around January 2, 2021, Plaintiff delivered a letter to Jeanguenat, and Human Resources Manager Cindy Mitchell about the harassment from Jenkins and other safety issues at the Roselle location.

23. On or around January 6, 2021, Plaintiff had a telephone meeting with both Jeanguenat and Mitchell to discuss the issues stated in Plaintiff's letter.

24. On or around January 7, 2021, Plaintiff received a text message from Mitchell asking him to meet with both Jeanguenat and Mitchell the next day at the Carol Stream location.

25. During the meeting on January 8, 2021, Jeanguenat, Mitchell and Plaintiff discussed the issues stated in his letter. Plaintiff was told that he would be contacted the next day about where to report for work on Monday, January 11, 2021.

26. Plaintiff was never contacted about where to report to work on Monday so he texted Mitchell, who stated that there was a misunderstanding and that she would contact him on Sunday, January 10 about where to report to work on Monday.

27. On January 10, 2021, Michell texted Plaintiff and told him not to report to work on Monday as he was being placed on a paid leave of absence.

28. On or around January 14 and 15, 2021, Mitchell and Jeanguent conducted an investigation by interviewing Plaintiff's co-workers at the Roselle location.

29. On January 19, 2021, Plaintiff met with Mitchell and Jeanguent to discuss their investigation and it quickly became apparent that Plaintiff was the target of the investigation, not Jenkins. Regardless, Plaintiff was advised that his transfer to the Carol Stream store was

approved and that he was to report to that location the next day.

30.     During this meeting Plaintiff received an investigation follow-up letter from Mitchell confirming that "it does appear that inappropriate behavior and violations of company policy took place, specifically in violation of the Standards of Conduct found in the company employee handbook."

31.     On January 20, 2021, Plaintiff reported to work at the Carol Stream location and met with Mitchel and Shinofield, to discuss the terms and conditions he had to follow in order to continue working for Defendant.

32.     On February 11, 2021, Plaintiff was called to meet with Mitchell and Jeanguent where he was informed that he was being terminated for harassment, with no further explanation given.  Plaintiff did not harass any employee of Defendant.

33.     Other similarly situated employees significantly younger than Plaintiff, for instance Jenkins, were treated more favorably than Plaintiff in that they committed workplace harassment but were not terminated.

34.     The ADEA prohibits employers from discriminating against employees 40 or more years of age based upon age.

35.     By its conduct as alleged herein, Defendant discriminated against Plaintiff and subjected him to different terms and conditions of employment based upon his age including but not limited to harsher disciplinary actions, including termination, for supposed "harassment."

36.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses.

37.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

38.     Plaintiff demands to exercise his right to a jury trial of this matter.

5

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and that it:

a)      Award Plaintiff the value of all actual damages necessary to make Plaintiff whole;

b)      Liquidated damages;

c)      Award Plaintiff equitable/injunctive relief;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff any and all other relief as the Court deems just in the premises.

**FREDERICK J. BROWN**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
*Msmith39950@aol.com*

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK J. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:** |
| **RENTAL MAX, LLC.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

<u>**COMPLAINT**</u>

# EXHIBIT A

7

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| ☐ FEPA | | |
| ☒ EEOC | | 440-2021- 02554 |

and EEOC

| State or local Agency, if any. | S.S. No. | |
|---|---|---|

| NAME (Indicate Mr, Ms, Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Mr. Frederick J. Brown | (630) 427-6541 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4810 Woodward Ave, Downers Grove, Illinois 60515 | | 1952 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Rental Max, LLC., | 15-100 | (630-668-8200 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 124 N. Scmale Road, Carol Stream, Illinois 60188 | | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☒ AGE |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ NATIONAL ORIGIN | ☐ DISABILITY | ☐ OTHER (Specify) Hostile Environment | |

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| 01/04/2021 | 01/11/2021 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent in April of 2011. My most recent position was Customer Service. I was subjected to retaliation and harassment after complaining of several coworkers. I was then also subjected to excessive discipline compared to my age (YOB 1952) while younger employees were treated differently in discipline.

I believe I was discriminated against in based upon my age in violation of the Age Discrimination in Employment Act of 1967 as amended,

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *[signature]* Date 02/22/2021 Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

**Investigation Follow-Up Letter**

January 19, 2021

Dear Fred:

This letter summarizes the results of RentalMax's investigation into your allegations that Jim Jenkins acted inappropriately and/or violated company policy.

As we discussed, RentalMax takes such allegations very seriously and will not tolerate inappropriate behavior in the workplace. Employees are encouraged to bring such matters to our attention at any time, without fear of any adverse action being taken against them for doing so.

You have been on leave since January 11 to allow us time to investigate your complaint. In my capacity as human resources, I along with other members of the Leadership team have interviewed Roselle employees, including you, and our investigation is now complete. Though we could not confirm all of your allegations, it does appear that inappropriate behavior and violations of company policy took place, specifically in violation of the Standards of Conduct found in the company employee handbook. A copy of that policy is attached to this letter.

Although privacy considerations limit our ability to share confidential information with you about other employees, I can tell you that the appropriate action has been taken to ensure that such conduct does not repeat itself. Additionally, per your request, we have approved your transfer to Carol Stream. As a condition of this transfer we need you to understand that any conversations related to politics cannot lead to comments regarding race, religion, sexual orientation will not be tolerated. You will also be required to complete ADP communications trainings within two weeks of your transfer date.

Should you have any further concerns, please feel free to let me know or to speak with another trusted member of management. Any future misconduct, including any retaliation, will be dealt with swiftly and severely as the circumstances dictate.

Please do not hesitate to ask questions or speak up about matters that concern you. If you feel any form of retaliation occurs, report it immediately, so it can be addressed quickly.

Thank you again for bringing this matter to our attention.

Sincerely,
Cindy Mitchell, Human Resources
cc: file

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK J. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:** |
| **RENTAL MAX, LLC.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

<u>**COMPLAINT**</u>

# EXHIBIT B

8

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Frederick Brown**
**c/o Michael Smith, Esq.**
**LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES**
**10 North Martingale Road**
**Suite 400**
**Schaumburg, IL 60173**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

| On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-02554** | **Katarzyna Hammond,** <br> **Investigator** | **(312) 872-9703** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*

**Julianne Bowman,**
**District Director**

1/28/2022

*(Date Issued)*

Enclosures(s)

cc:

**RENTALMAX**
**c/o Christine Bestor Townsend, Esq.**
**Ogletree Deakins**
**1243 North 10th Street, Suite 200**
**Milwaukee, WI 53205**